[Cite as *State v. Chavis*, 2014-Ohio-727.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2013-CA-16 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 12-CR-312 |
| v. | : | |
| | : | |
| DEREK CHAVIS | : | (Criminal Appeal from |
| | : | Miami County Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of February, 2014.

. . . . . . . . . . .

EMILY E. SLUK, Atty. Reg. #0082621, Miami County Prosecutor's Office, 201 West Main Street, Troy, Ohio 45373
　　　Attorney for Plaintiff-Appellee

JESSICA R. MOSS, Atty. Reg. #0085437, 2233 Miamisburg Centerville Road, Dayton, Ohio 45459
　　　Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1}　　Defendant-appellant Derek Chavis appeals from his conviction and sentence,

following his no-contest plea, to Failure to Give Notice of Change of Address or Registration of New Address, in violation of R.C. 2950.05(A), a felony of the fifth degree. Chavis contends that the trial court erred by overruling his motions to withdraw his plea, and to dismiss the indictment, made after his plea had been tendered and accepted, but before he had been sentenced.

{¶ 2} Chavis predicates error upon his argument that when the advance notice requirement for a change of residence address was changed by statutory amendment from seven days to twenty days, that violated the prohibition against retroactive laws contained in Article II, Section 28 of the Ohio Constitution. Because his indictment charged him with the failure to give notice of his change of residence address at least twenty days in advance of the change, he contends that the indictment was defective, and should have been dismissed. Similarly, he contends that because he was not aware that he could only have been charged with the failure to give seven days advance notice, he had a defense to the charge, of which he was unaware when he pled no contest.

{¶ 3} We conclude that the proposition of law upon which Chavis predicates error is unsound. The change in the amount of advance notice required did not violate the constitutional prohibition against retroactive laws. Accordingly, the judgment of the trial court is Affirmed.

## I. The Course of Proceedings

{¶ 4} In 1998, Chavis was convicted of Attempted Sexual Battery, and was determined to be a sexually oriented offender.

{¶ 5} In 2012, Chavis was charged by indictment with the failure to give at least twenty days notice of a change of address or registration of a new address, with a prior conviction of the

same offense, a felony of the third degree. In early 2013, Chavis pled no contest to the failure to give at least twenty days notice of his change of address or registration of a new address, but without the allegation of a prior offense, making the offense to which he pled no contest a felony of the fifth degree.

{¶ 6} Thereafter, but before he was sentenced, Chavis moved to withdraw his plea, and also to dismiss the indictment. Both of these motions were predicated upon his argument that the statutory amendment in the amount of advance notice required, from seven days to twenty days, violated the prohibition against retroactive legislation contained in Article II, Section 28 of the Ohio Constitution.

{¶ 7} The trial court, concluding that the change in the amount of advance notice required did not violate the retroactive legislation prohibition, overruled both motions. Chavis was sentenced to ten months in prison, and the trial court ordered Chavis to pay costs and restitution. From his conviction and sentence, Chavis appeals, setting forth two assignments of error:

THE TRIAL COURT ERRONEOUSLY REFUSED TO ALLOW APPELLANT TO WITHDRAW HIS GUILTY [sic] PLEA.

THE TRIAL COURT ERRED BY NOT SUSTAINING APPELLANT'S MOTION TO DISMISS THE INDICTMENT.

**II. The 2002 Amendment to Megan's Law Increasing the Advance Notice Required for a Change of Residence Address Did Not Violate the Ohio Constitutional Restriction Against Retroactive Legislation**

{¶ 8} Both of Chavis's assignments of error are predicated upon his contention that the increase in the amount of advance notice required for a change of residence address mandated by a 2002 amendment to R.C. Chapter 2950, the sexual offender classification, registration, notice, and notification requirements, violates the Ohio constitutional restriction against retroactive laws. Because he was not aware that the increase in the amount of advance notice from seven days to twenty days was not constitutional, Chavis argues that he was unaware of a potential defense to the charge that he would have had if he had been properly charged with the failure to give seven days advance notice of his new address. As a result, Chavis argues, his no-contest plea was not knowing and intelligent.

{¶ 9} Similarly, Chavis argues that the indictment is defective, since it charges him with the failure to give twenty days advance notice, which, he argues, is not an offense.

{¶ 10} We disagree with the legal premise underlying Chavis's arguments.

{¶ 11} Chavis cites *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108. But that case does not support his proposition. *Williams* cited previous Ohio Supreme Court jurisprudence that had upheld previous amendments to R.C. Chapter 2950 against claims that those amendments had violated Article II, Section 28 of the Ohio Constitution. *Williams* did not overrule any of those prior cases, holding only that as a result of the latest change, enacted by 2007 Am.Sub.S.B. 10, effective January 1, 2008, R.C. Chapter 2950 could no longer be held to be purely remedial. *Id.* at ¶ 16-21. In reaching this conclusion, the Supreme Court of Ohio observed:

No one change compels our conclusion that S.B. 10 is punitive. It is a matter of degree whether a statute is so punitive that its retroactive application is unconstitutional. [Citation omitted.] *When we consider all the changes enacted*

*by S.B. 10 in aggregate*, we conclude that imposing the current registration requirements on a sex offender whose crime was committed prior to the enactment of S.B. 10 is punitive. Accordingly, *we conclude that S.B. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution*, which prohibits the General Assembly from passing retroactive laws. Id. at ¶ 21 (Emphasis added).

{¶ 12}  In concluding that S.B. 10, enacted in 2007, effective January 1, 2008, violated the retroactive laws prohibition, the Supreme Court noted that the adverse consequences of being classified as a sex offender were no longer being imposed based upon a trial court's determination of the future danger posed by the offender, but were being imposed as a direct consequence of being convicted of certain specified offenses, much like any other punitive sanction.

{¶ 13}  One of the Supreme Court's prior cases cited in, and not overruled by, *Williams* is *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110.  *Ferguson* specifically upheld Am.Sub.S.B. 5, 150 Ohio Laws, Part IV, 6558, enacted in 2003, against the contention that it violated the constitutional prohibition against retroactive laws. Id. at ¶ 40.  In reaching this conclusion, *Ferguson* held that as amended by changes more profound than the 2002 change in the amount of advance notice required for a new address, the sex offender classification, registration, notice, and notification requirements in R.C. Chapter 2950 were still remedial, not punitive.  *Id.* at ¶ 33-39.

{¶ 14}  It was only after the even more profound changes in the 2007 amendments that the Supreme Court of Ohio held that the sex offender classification, registration, notice, and

notification requirements in R.C. Chapter 2950 had crossed the threshold from remedial to punitive legislation, thereby triggering the constitutional restriction against retroactive laws. *Williams, supra*. The version of R.C. Chapter 2950 applied to Chavis precedes the version of the statute held in *Williams* to have been no longer remedial, but punitive. Therefore, the 2002 amendment changing the amount of advance notice required for a new residential address was not subject to the constitutional prohibition against retroactive laws.

{¶ 15} Thus, the indictment charging Chavis with the failure to give twenty days advance notice of his new residence was not defective. And in arguing his motion to withdraw his plea, Chavis noted that although he believed he had evidence that he had provided notice within seven days, "[w]hen it was twenty days he felt he did not have that evidence. That's why we filed the motion to withdraw his plea."

{¶ 16} Both of Chavis's assignments of error are overruled.

### III. Conclusion

{¶ 17} Both of Chavis's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and WELBAUM, JJ., concur.


Copies mailed to:

Emily E. Sluk
Jessica R. Moss
Hon. Robert J. Lindeman